```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PASQUALE LEONE,

      Plaintiff,

v.                              Case No:  2:19-cv-245-JES-NPM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Request for Oral Argument (Doc. #31) and Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. #32) filed on August 5, 2021. The Commissioner filed a Response to Plaintiff's Application for Attorney fees Under the Equal Access to Justice Act and Request for Oral Argument (Doc. #33) filed on August 18, 2021.

On April 17, 2019, plaintiff initiated her Complaint (Doc. #1) seeking judicial review of the Commissioner's final decision denying disability insurance benefits. On September 23, 2020, after the Commissioner entered an appearance, the Magistrate Judge issued a Report and Recommendation (Doc. #23) recommending that the Decision of the Commissioner be affirmed on all three issues: (1) Whether the ALJ properly considered the functional capacity evaluation conducted by a physical therapist in September 2016; (2) Whether the ALJ properly considered the opinions of treating

physician Dr. Kirincic and physician assistant Silvia; and (3) Whether the decision was issued by a constitutionally appointed ALJ. (Id., p. 5.) As relevant here, the Magistrate Judge found the Eighth (Davis v. Saul, 963 F.3d 790 (8th Cir. 2020)) and Tenth Circuits (Carr v. Commissioner, SSA, 961 F.3d 1267 (10th Cir. 2020)) more persuasive that "such challenges are forfeited if not raised during the administrative proceeding." (Doc. #23, p. 12.)

On November 10, 202, the Court stayed consideration of the Report and Recommendation pending a decision in Carr v. Saul, 141 S. Ct. 813, 208 L. Ed. 2d 397 (2020) (granting certiorari) on the issue of Appointments Clause challenges. (Doc. #26.) On April 22, 2021, the United States Supreme Court rendered a decision and concluded that it was error to require an issue-exhaustion requirement to an Appointments Clause claim thus reversing the Eighth and Tenth Circuits. Carr v. Saul, 141 S. Ct. 1352, 209 L. Ed. 2d 376 (2021).

On May 4, 2021, the Court lifted the stay and invited the parties to file a joint notice as to their respective positions of the impact of the U.S. Supreme Court decision. (Doc. #27.) On May 12, 2021, the Commissioner filed an Unopposed Motion for Entry of Judgment With Remand (Doc. #28) for the assignment of a different ALJ to further evaluate plaintiff's claims. As a result, the Report and Recommendation was deemed moot, and the

case was remanded under sentence four of 42 U.S.C. § 405(g). (Doc. #29.) Judgment was issued on May 12, 2021. (Doc. #30.)

Under the Equal Access to Justice Act (EAJA), the Court may award "reasonable fees and expenses of attorneys" to the "prevailing party" in the action against the Commissioner unless the Court finds that the "position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(b), (d)(1)(A). Three statutory conditions must be satisfied before attorney's fees can be awarded: (1) the application must be filed within 30 days of the final judgment; (2) plaintiff must have been a prevailing party; and (3) the government must not have been substantially justified in their position. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990). Plaintiff's net worth must also have been less than $2 million when the complaint was filed.

**1. Timeliness and Net Worth**

The general rule is that the deadline begins to run "when the Secretary's time for taking an appeal from the post-remand judgment expires." Myers, 916 F.2d at 672. Practically speaking, the deadline is 60 days after the entry of a judgment if one of the parties is the United States or a United States agency. Fed. R. App. P. 4(a)(1)(B). Therefore, plaintiff's motion was due to be filed within 90 days of the entry of judgment, or by August 12, 2021. The motion was filed on August 5, 2021 and is timely. The

Commissioner does not dispute that the motion was timely filed. (Doc. #33, p. 6.)

Plaintiff's net worth is alleged to have been less than $2 million when the complaint was filed, and this issue is not disputed. (Doc. #32, ¶ 12.)

### 2. Prevailing Party

"No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." Shalala v. Schaefer, 509 U.S. 292, 300, 113 S. Ct. 2625, 2631, 125 L. Ed. 2d 239 (1993). Additionally, the Commissioner states that there is no dispute that plaintiff was a prevailing party for purposes of the EAJA. (Doc. #33, p. 6.)

### 3. Substantially Justified

Both parties agree that the "position of the United States" includes both the position taken in the civil action and the Agency's pre-litigation conduct. (Doc. #32, p. 6; Doc. #33, pp. 5-6.)

> We have held that the term "substantially justified" means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue. To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness."

Comm'r, I.N.S. v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 2319, 110 L. Ed. 2d 134 (1990) (quoting Pierce v. Underwood, 487 U.S. 552, 565-566, 108 S. Ct. 2541, 2550-2551, 101 L. Ed. 2d 490 (1988) (citations omitted)).

The ALJ Hearing Decision was dated April 23, 2018, and the Appeals Council denied review on February 22, 2019. It is undisputed that plaintiff did not raise the Appointments Clause challenge during the administrative proceedings before the ALJ or the Appeals Council. (Doc. #33, p. 6.) The Complaint in federal court was filed on April 17, 2019, and it was remanded to the Commissioner on May 12, 2021.

"The Appointments Clause prescribes the exclusive means of appointing "Officers." Only the President, a court of law, or a head of department can do so. See Art. II, § 2, cl. 2." Lucia v. S.E.C., 138 S. Ct. 2044, 2051, 201 L. Ed. 2d 464 (2018). In June 2018, prior to Carr, the Supreme Court decided that the Securities Commission's Administrative Law Judges are "Officers of the United States" subject to the Appointments Clause and "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case" is entitled to relief." Lucia, 138 S. Ct. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182-183, 115 S. Ct. 2031, 132 L. Ed. 2d 136 (1995)). "On July 16, 2018, a few weeks after Lucia was decided, the SSA's Acting Commissioner pre-emptively "address[ed] any Appointments

Clause questions involving Social Security claims" by "ratifying the appointments" of all SSA ALJs and "approving those appointments as her own." 84 Fed. Reg. 9583 (2019)." Carr, 141 S. Ct. at 1357. The year after, the SSA provided a remedy in response to timely requests for Appeal Council review, but petitioners who failed to object to the appointments in the administrative proceedings would receive no relief. Id.

The Commissioner points out one Middle District of Florida case that concluded that the failure to raise the issue at the administrative level was fatal. Valle-Roman v. Comm'r of Soc. Sec., No. 6:18-CV-1158-ORL-TBS, 2019 WL 1281171, at *2 (M.D. Fla. Mar. 20, 2019). Other district courts in the Eleventh Circuit followed suit. See, e.g., Jones v. Berryhill, No. 4:18CV503-CAS, 2019 WL 2583157, at *7 (N.D. Fla. June 21, 2019) (citing two pending appeals agreeing that the argument is forfeited); Parker v. Berryhill, No. 18-14349-CIV, 2019 WL 3097511, at *10 (S.D. Fla. July 15, 2019) (citing cases within the circuit); Capell v. Saul, No. 8:19-CV-2474-T-60AAS, 2020 WL 5868165, at *4 (M.D. Fla. Sept. 9, 2020), report and recommendation adopted, No. 8:19-CV-2474-T-60AAS, 2020 WL 5848337 (M.D. Fla. Oct. 1, 2020) (same).

On April 22, 2021, in Carr, the Supreme Court resolved a conflict between the circuits. The Eighth and Tenth Circuits adopted the Commissioner's position that an Appointments Clause claim is forfeited if not challenged in the administrative

proceedings much like the Eleventh Circuit courts. The Third, Fourth, and Sixth Circuits went the opposite way and found that the constitutionality of an SSA ALJ's appointment could be challenged for the first time in federal court. The Eleventh Circuit had not yet weighed in on the issue. In resolving the conflict, the Supreme Court noted that the SSA "at no point afforded petitioners access to the Commissioner, the one person who could remedy their Appointments Clause challenges. Nor were the ALJs capable of remedying any defects in their own appointments. After all, there were no Commissioner-appointed ALJs to whom objecting claimants' cases could be transferred, and the ALJs could not very well have reappointed themselves." Carr, at 1361. In the end, the Supreme Court found that claimants who raise the issue for the first time in federal court are not untimely in doing so.

    Plaintiff argues:

> The case was remanded to the Commissioner of Social Security to assign a different administrative law judge (ALJ), provide plaintiff with the opportunity for a hearing before the newly assigned ALJ to further evaluate Plaintiffs claims and issue a new decision. Therefore, for the above-stated reason, the ALJ's decision was not substantially justified.

(Doc. #32, p. 7.) The position of the Commissioner pre-litigation was substantially justified considering the SSA's position in 2018 and 2019, and the uncertainty of the legal issues. Further,

briefing and the filing of the action in district court as well as the issuance of the Report and Recommendation all pre-date Carr. There was no binding decision in the Eleventh Circuit on the issue, and the Commissioner's position was reasonable and therefore substantially justified. The Court finds that oral argument is not necessary.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Request for Oral Argument (Doc. #31) is **DENIED.**

2. Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. #32) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___24th___ day of August 2021.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record